IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDO ARRIAGA,<br><br>    Plaintiff,<br><br>    v.<br><br>OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 21-cv-06356-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; VACATING HEARING** |

    Before the Court is plaintiff Brando Arriaga's ("Arriaga") "Motion for Order Remanding Removed Action to State Court," filed September 17, 2021. Defendant Old Republic National Title Insurance Company ("Old Republic") has filed opposition, to which Arriaga has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter suitable for determination for the parties' respective written submissions, VACATES the hearing scheduled for October 22, 2021, and rules as follows.

    For the reasons stated by Old Republic, the Court finds the requisite amount in controversy has been established. In particular, even assuming the amount of compensatory damages claimed to date is $59,746.17, the loss Arriaga states he actually incurred prior to filing the Complaint in the instant action (see Pl.s' Mot. at 2:15), and not $74,000, the amount of damages "approximate[d]" in said Complaint (see Compl. ¶ 21), defendant has shown the amount in controversy meets the statutory monetary requirement. See 28 U.S.C. § 1332(a) (providing for diversity jurisdiction where action is between citizens of different states and "the matter in controversy exceeds the sum of $75,000"). Specifically, the instant Complaint also includes a prayer for punitive

1   damages and attorney's fees in unspecified amounts.  See Guglielmino v. McKee Foods
2   Corp., 506 F.3d 696, 699 (9th Cir. 2007) (holding, where complaint is "unclear or
3   ambiguous" as to total amount in controversy, removing party must show it is "more likely
4   than not" amount in controversy exceeds $75,000).

5   . Although, at this stage of the proceedings, neither sum can be calculated with
6   certainty, their combined value, more likely than not, well exceeds $15,253.84, the
7   amount which, together with $59,746.17, totals $75,000.01.  See, e.g., Tibbs v. Great
8   American Ins. Co., 755 F.2d 1370, 1373, 1375 (9th Cir. 1985) (affirming judgment of
9   punitive damages against insurer in amount constituting three times amount of
10  compensatory damages awarded); Brandt v. Superior Court, 37 Cal. 3d 813, 817-18
11  (1985) (holding, "[w]hen an insurer's tortious conduct reasonably compels the insured to
12  retain an attorney to obtain the benefits due under a policy," the attorney's fees thereby
13  incurred are recoverable as "an economic loss—damages—proximately caused by the
14  tort," irrespective of whether "the fees claimed . . . are incurred in the very lawsuit in
15  which their recovery is sought");

16  Accordingly, the motion to remand is hereby DENIED.

17  **IT IS SO ORDERED.**

19  Dated: October 21, 2021

MAXINE M. CHESNEY
United States District Judge